


# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 12, 1939

Mr. Don D. Parker
County Auditor
Eastland County
Eastland, Texas

Dear Sir:

Opinion No. O-775
Re: Should the operating expenses
of a jointly owned hospital
be handled in keeping with
the provisions of Article
4484, Revised Civil Statutes?

Your request for an opinion on the above stated
question has been received by this office.

Your letter reads in part as follows:

"Eastland County joined the City of Ranger,
Eastland County Texas, in building, equipping
and operating a City-County Hospital in keeping
with Article 4492 . . . Revised Civil Statutes
of 1925.

"Would the Board of Managers under joint
control of such Commissioners Court and City
authorities be governed by the provisions of
Article 4484 . . . Records?

"In other words would the operating expenses
of a jointly owned hospital be handled in keeping
with the provisions of Article 4484 - Records Re-
vised Civil Statutes of 1925?"

Article 4434, 4484, and 4492 Revised Civil Sta-
tutes, read as follows:

"Article 4434. The municipal authorities of
towns and cities, and Commissioners Courts of the
counties wherein such towns and cities are situ-
ated, may cooperate with each other in making
such improvements connected with said towns, cit-
ies and counties as said authorities and courts

may deem necessary to improve the public health
and to promote efficient sanitary regulations;
and, by mutual arrangement, they may provide
for the construction of said improvements and
the payment therefor.

"Article 4484. The Board of Managers shall
keep in a book provided for that purpose a proper
record of its proceedings, which shall be open at
all times to the inspection of its members, to
the members of the Commissioners Court and to any
citizen of the county. The Board shall certify
all bills and accounts, including salaries and
wages, and transmit them to the Commissioners
Court, who shall provide for their payment in the
same manner as other charges against the county
are paid.

"The Board of Managers shall make the Commis-
sioners Court annually, and at such times as said
court shall direct, a detailed report of the oper-
ation of the hospital dispensaries and school dur-
ing the year, showing the number of patients re-
ceived and the methods and result of their treat-
ment, together with suitable recommendations and
such other matter as may be required of them, and
shall furnish full and detailed estimates of the
appropriations required during the ensuing year
for all purposes, including maintenance, the erec-
tion of buildings, repairs, renewals, extensions,
improvements, betterments or other necessary pur-
poses.

"Article 4492. Any Commissioners Court may
cooperate with and join the proper authorities of
any city having a population of 10,000 persons or
more in the establishment, building, equipment and
maintenance of the hospital in said city, and to
appropriate such funds as may be determined by
said court, after joint conference with the auth-
orities of said city or town, and the management
of such hospital shall be under the joint control
of such court and city authorities."

Under Article 4492, supra, the management and con-
trol of hospitals operated jointly by a city and county is



Mr. Don D. Parker, May 12, 1939, Page 3

vested in the municipal and county authorities jointly. The hospital may not in a proper sense of the word be considered a county hospital and therefore it is not necessary that the Commissioners Court appoint a Board of Managers as required by Article 4479 for county hospitals to direct the affairs of such institutions.

In the case of Classcock et al, vs. Wells, et al, 171 S. W. 782, the Court of Civil Appeals of Texerkana, in ruling upon a similar question ruled as follows:

"It is as plain, we think, that the Aiken Hospital in the City of Paris, operated by Lamar County and said city on their joint account, was not a county hospital, within the meaning of the provisions of the Act requiring the Commissioners Court to appoint a Board of Managers. Aside from the fact that by the terms of the gift of the property to said city it was to be managed and controlled by the city alone, it seems clear, from the provision in section 14 of the Act that the Legislature did not contemplate that a Board of Managers should be appointed for a hospital so operating. The provision referred to is the one declaring that the management of a hospital operated by a county and the city therein having a population of 10,000 persons as the city of Paris had should be under the joint control of such Commissioners Court and city authorities. An attempt to place this hospital under the control of a Board of Managers appointed for the purpose would not only be unauthorized by the Act, but would be in face of the provisions thereof specified, directly to the contrary."

On July 6, 1936, this Department held in an opinion written by Hon. Joe J. Alsup, Assistant Attorney General, addressed to Mr. J. R. Jones, County Auditor, Wichita Falls, Texas, that a county-city hospital should not be operated under a Board of Managers but same should be under the direct supervision of the county and city authorities.

Article 4484, supra, applies only to county hospitals and has no application as to city-county hospitals.

You are respectfully advised that it is the opinion of this Department that Article 4484 Revised Civil Statutes does not govern the management, control and operation of a city-county hospital, but the management, control and operation of such hospitals operated jointly by a city and county is vested in the municipal and county authorities jointly, and by mutual agreement they may provide for the management, control and operation of such hospitals and prescribe the mode and manner in which the operating expense of a jointly owned hospital should be handled and paid and provide for the keeping of proper records of all its proceedings and require a direct and a detailed report of the operation of such hospital from the party or parties operating the hospital together with suitable recommendations and such other matters as may be required of them.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:jm

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN